IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:96CR46 |
| | ) | |
| v. | ) | |
| | ) | |
| LEON DELMAR MILTON, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant's "Notice of Plain Error and Motion to Review Under Whichever Rule Or Statute Court Deems Proper" (Filing No. 507). The Court has reviewed defendant's motion and finds the issues raised therein are issues which are properly raised in a motion under § 2255 and defendant's motion for relief will be denied.

### I.   BACKGROUND

On September 15, 1997, pursuant to a plea agreement (Filing No. 246), the defendant pled guilty to a one-count information filed that date, which charged the defendant with participating in a conspiracy to distribute and possession with intent to distribute five hundred (500) grams or more of a mixture or substance containing cocaine or fifty (50) grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. In his petition to enter a conditional plea of guilty (Filing No. 246), dated September 15, 1997, defendant stated under oath:

> I agreed with others in late 1995 in Nebraska to distribute a quantity of cocaine.

Pursuant to the plea agreement, and the colloquy in Court at the time of the Rule 11 hearing, it was understood that the Court would hold a hearing to determine the type, and amount, of cocaine chargeable to the defendant.  At no time has there been any dispute that the defendant was a part of a conspiracy to distribute, or possess with intent to distribute, cocaine.  Pursuant to the objections to the revised presentence investigation report, a hearing was held on December 19, 1997 (See Tr. Filing No. 330), at which time the government presented evidence as to the nature of the substance involved and the amounts attributable to the various defendants involved in this conspiracy.

As the Court noted in its sentencing order dated December 24, 1997 (Filing No. 300), the evidence was overwhelming that the substance involved in this conspiracy was crack cocaine.  There was no testimony to the contrary (See Tr. Filing No. 330, 343).  In his plea agreement with the government, defendant was advised that he was "exposed to a term of imprisonment of at least ten years and not more than life, a fine of more than $4 million, both such imprisonment and fine, a five-year term of supervised release, and a $50 special assessment."  (Plea agreement, Filing No. 246, ¶ 1).

Defendant was sentenced on December 29, 1997 (Filing No. 361) to a term of three-hundred-sixty (360) months imprisonment.  He subsequently appealed certain rulings and his sentence to the United States Court of Appeals for the Eighth Circuit.  With respect to his sentence, defendant objected to his classification as a career offender and to the drug amounts attributed to him.  Defendant did not challenge the Court's finding that cocaine base (a.k.a. crack cocaine) was involved in the conspiracy.  Defendant's challenges were rejected on appeal, and the United States Supreme Court denied certiorari on February 22, 1999.  See *United States v. Milton*, 153 F.3d 891 (8th Cir. 1998), cert denied, *Milton v. United States*, 525 U.S. 1165, 119 S. Ct. 1082 (1999).

Defendant filed a § 2255 motion on December 7, 1999 (Filing No. 438), which he subsequently amended and supplemented several times (Filing Nos. 457, 458, 463 and 472).  On October 12, 2001, the Court denied defendant's § 2255 motion (Filing No. 478).

Defendant moved for reconsideration of his § 2255 motion on November 14, 2001 (Filing No. 479).  The Court denied the motion for reconsideration (Filing No. 480) and denied his application for a certificate of appealability (Filing No. 484).  Defendant next filed his appeal with the Eighth Circuit Court of Appeals who denied the certificate of appealability and dismissed

the appeal (Filing No. 490).  Defendant's petition for rehearing was also denied (Filing No. 493).  Subsequently, defendant filed his petition for writ of certiorari (Filing No. 498) which was denied on February 11, 2003 (Filing No. 499).

On April 27, 2005, defendant filed a "Notice of Plain Error and Motion to Review Under Whichever Rule Or Statute Court Deems Proper" (Filing No. 507) seeking to challenge his sentence because it was arrived at following the United States Sentencing Guidelines and was based in part on facts not found by a jury or admitted by the defendant.

## II.  DISCUSSION

In *United States v. Melton*, the Seventh Circuit Court of Appeals stated that "prisoners cannot avoid the AEDPA's rules by inventive captioning.[. . .] Call it a motion for new trial, arrest of judgment, mandamus, prohibition, corum nobis, corum vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is the substance that controls."  *Melton*, 359 F.3d 855, 857 (7th Cir. 2004).  As in *Melton*, the present defendant's petition fits comfortably within § 2255 and the appropriate means for the defendant to challenge his sentences is under § 2255 because it is the controlling statute.  Section 2255 controls, even though the defendant cannot obtain the relief

sought because he has previously filed a motion under § 2255 and the statute prevents him from filing successive § 2255 motions. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir, 2000). Accordingly, a separate order will be entered in accordance with this memorandum opinion.

    DATED this 11th day of May, 2005.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                  LYLE E. STROM, Senior Judge
                  United States District Court