## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:96CR46** |
| **vs.** | |
| **LEON DELMAR MILTON,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Defendant's Motion for Sentence Reduction Under the First Step Act, ECF No. 616, and Motion to Expedite Ruling, ECF No. 625.

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), effective August 3, 2010, reduced the penalties for certain crack cocaine offenses. The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), at § 404, permits but does not require sentencing judges to apply the Fair Sentencing Act to sentences imposed prior to August 3, 2010.  In *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019), the Court of Appeals noted that a court considering a motion for a reduced sentence under § 404 of the First Step Act first must decide whether the defendant is eligible for relief, and then must decide, in its discretion, whether to grant a reduction.

Here, the amount of cocaine base attributed to the Defendant by the sentencing judge, through adoption of the Presentence Investigation Report, was 5.268 kilograms. Yet the amount of cocaine base alleged in the Information to which the Defendant pled was only 50 grams or more.[1]  Accordingly, the Defendant is eligible for a reduced

---

[1] The Information also referred to 500 grams or more of cocaine, but the sentencing court found (and the parties agree) the conspiracy was one involving cocaine base.

sentence under the First Step Act, because his sentence of 360 months incarceration exceeds the statutory mandatory minimum term for the offense to which he pled, *i.e.*, five years.

In the Defendant's Brief in Support of Sentence Reduction Under the First Step Act, ECF No. 617, he argues that a sentence reduction is warranted due to his post-offense rehabilitation.  He supports that argument with an index of evidence at ECF No. 619.  He also argues that the sentencing judge should not have applied an enhancement for the Defendant's role in the offense, and that the Defendant should not be considered a career offender.

The Government opposes any reduction in the Defendant's sentence pursuant to the First Step Act, noting that a similarly situated defendant today would be charged with conspiracy to distribute or possess with intent to distribute 280 grams or more of cocaine base.  *See* Br. in Opp'n to Req. for Sentence Reduction Pursuant to the First Step Act, ECF No. 622, at Page ID 615-16.  If so charged, and applying the same enhancements applied by the sentencing judge here, the lowest end of the sentencing range for the hypothetical defendant would be 360 months.

In reply, the Defendant again draws the Court's attention to his post-offense rehabilitation and argues for compassionate release due to the COVID-19 pandemic.  *See* Reply to Government's Br. in Opp'n to Reduction Under the First Step Act, ECF No. 624. The Defendant asserts that he has severe asthma, prediabetes, and a history of open-heart surgery, making him vulnerable to infection.  *Id.* at Page ID 627.  The Defendant devotes five pages of argument to the need to reduce prison populations in the wake of the COVID-19 pandemic.

2

The Court finds the Government's argument persuasive.  The Defendant's post-offense rehabilitation may be a good basis for exercise of the power of commutation by the President, but that alone does not warrant relief under § 404 of the First Step Act. The Court also must consider the need to avoid unwarranted sentencing disparities and the equitable treatment of similarly situated defendants.

With respect to the COVID-19 pandemic, the Defendant's health conditions, and his request for compassionate release, he has not exhausted his administrative remedies under § 603 of the First Step Act.  The Court has no jurisdiction to entertain such a request, and it is denied without prejudice to reassertion after proper exhaustion of administrative remedies.  See 18 U.S.C. § 3582.

Accordingly,

IT IS ORDERED:

1.   The Defendant's Motion to Expedite Ruling on Motion for Reduction Under First Step Act, ECF No. 625, is granted;

2.  The Defendant's Motion to Reduce Sentence Under section 404 of the First Step Act, ECF No. 616, is denied; and

3.  A separate Judgment will be entered.


Dated this 16th day of April 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

3