IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>LEON DELMAR MILTON,<br><br>　　　　　　Defendant. | 8:96CR46<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Compassionate Release, ECF No. 638.

On April 16, 2020, this Court denied the Defendant's Motion to Reduce Sentence Under Section 404 of the First Step Act, ECF No. 616, which included a request for compassionate release under Section 603 of the First Step Act. See Reply to Government's Br. in Opp'n to Reduction Under the First Step Act, ECF No. 624. The Court denied the request for compassionate release without prejudice, noting that the Defendant had not exhausted administrative remedies as required by 18 U.S.C. § 3582. See Memorandum and Order at ECF No. 626. The Defendant appealed from the Judgment, ECF No. 627, entered pursuant to the Memorandum and Order, and that appeal remains pending.

For purposes of the pending Motion, this Court will assume the Defendant's appeal concerns only this Court's denial of relief pursuant to Section 404 of the First Step Act and not the denial of relief under Section 603 of the First Step Act.

The Defendant now has submitted evidence that the Warden of his facility denied his request for compassionate release on May 6, 2020. ECF No. 639-1. The Defendant

asserts that he should not be required to exhaust any further administrative remedies. The Court will assume, without deciding, that his interpretation of the exhaustion requirement is correct.[1]

Even though the Court has made the above assumptions in the Defendant's favor, nothing in the record before this Court indicates what *grounds* for relief the Defendant presented to his Warden. In the Defendant's earlier request for compassionate release directed to this Court, he asserted that he suffered from asthma and had a history of open-heart surgery, making him vulnerable to severe complications from a COVID-19 infection. See ECF No. 624 at Page ID 627. In his pending Motion, he makes no mention of asthma or any history of open-heart surgery, and instead states that he is a chronic smoker, has stage-two kidney disease, and is prediabetic (a condition that was mentioned in his earlier request to this Court).

The exhaustion requirement of 18 U.S.C. § 3582 would be meaningless if a Defendant were permitted to raise grounds for relief in a motion to the court that are

---

[1] Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i)     extraordinary and compelling reasons warrant such a reduction;
>         . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

substantially different from those raised at the administrative level. Accordingly, the Defendant's Motion again will be denied without prejudice to reassertion. Any subsequent motion should include a copy of the request submitted by the Defendant to the Warden. If the Defendant does not have access to a copy of the request, his motion should include a complete and accurate summary of the grounds for relief presented to the Warden and at any administrative appeals.

Accordingly,

IT IS ORDERED:

The Defendant's Motion for Compassionate Release, ECF No. 638, is denied, without prejudice to reassertion in compliance with the above Memorandum and Order.

Dated this 16th day of June 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

3